3006194-LRB/SJE/msw                                                                 ARDC: 6206641

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   07 C 7215 |
| | ) | |
| RICHARD E. MARR and FFE TRANSPORTATION SERVICES, INC., an Illinois Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FFE TRANSPORTATION SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, FFE TRANSPORTATION SERVICES, INC., by and through its attorneys, Lew R. C. Bricker, Sandra J. Engelking and SMITHAMUNDSEN LLC, and in answer to plaintiff's Complaint at Law, states the following:

**COUNT I**

1.      That on or about December 15, 2005, the Plaintiff, LEWIS HERRING, was the operator of a motor vehicle that was traveling southbound on Central Avenue in the Village of University Park, County of Will, State of Illinois.

2.      That at said time and place, the Defendant, RICHARD E. MARR, was the operator of a motor vehicle that was exiting the parking lot westbound of the SOLO Cup Company, at 701 Central Avenue, Village of University Park, County of Will, State of Illinois.

3.      That at all times it was the duty of the Defendant, RICHARD E. MARR, to exercise ordinary care toward all persons traveling upon or near the roadway, including the Plaintiff, LEWIS HERRING.

4. That at said time and place, the Defendant, RICHARD E. MARR, was guilty of one or more of the following acts of negligence and carelessness, to wit:

   a. Drove his vehicle upon a public way at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the roadway, contrary to 625 ILCS 5/11-601;

   b. Drove his vehicle upon a public way at a speed which endangered the safety of persons, contrary to 625 ILCS 5/11-601;

   c. Drove his vehicle upon a public way at a speed which endangered the safety of property, contrary to 625 ILCS 5/11-601;

   d. Failed to decrease speed so as to avoid colliding with a vehicle on a public way, contrary to 625 ILCS 5/11-601;

   e. Failed to yield the right-of-way within an intersection, contrary to 625 ILCS 5/11-904;

   f. Failed to yield at a stop intersection, contrary to 625 ILCS 5/11-1204;

   g. Failed to keep a proper lookout for other vehicles;

   h. Failed to see and observe the Plaintiff when in the exercise of reasonable care he should have seen the Plaintiff's vehicle;

   i. Failed to maintain and keep proper control of his vehicle;

   j. Failed to stop his motor vehicle so as to avoid a collision although he saw or should have seen that it was impending and had ample opportunity to avoid it.

5. That as a direct and proximate cause of one or more of the foregoing acts of negligence and carelessness on the part of the Defendant, RICHARD E. MARR, the vehicle operated by him did collide violently with the vehicle operated by the Plaintiff.

6. That as a direct and proximate result the Plaintiff, LEWIS HERRING, became sick, sore, lame and disordered, suffered pain and anguish, has become permanently disabled, incurred medical expenses, lost time from his usual occupation and duty and will continue such losses for the rest of his life.

   **ANSWER:   Defendant, FFE TRANSPORTATION SERVICES, INC., makes no response to the allegations of paragraphs one through six of Count I of Plaintiff's Complaint as these allegations are not directed against**

this defendant. To the extent that these allegations are directed against this Defendant, then Defendant, FFE TRANSPORTATION SERVICES, INC., denies the material allegations and each of them.

WHEREFORE, Defendant, FFE TRANSPORTATION SERVICES, INC., denies that the plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

## COUNT II

1. That on or about December 15, 2005, and for some time prior thereto, the Defendant FFE TRANSPORTATION SERVICES, INC., was a company doing business at 7451 W. 100th Place in Bridgeview, County of Cook, State of Illinois.

   **ANSWER:** Defendant admits that its registered agent is located at 7451 W. 100th Place, in Bridgeview, Cook County, Illinois, but denies the remaining allegations of Paragraph 1 of Count II of Plaintiff's Complaint.

2. That on or about December 15, 2005, the Defendant, FFE TRANSPORTATION SERVICES, INC., employed RICHARD E. MARR as an over the road truck driver using FFE Transportation Services vehicle, namely a 2003 Freightliner, vehicle identification number 1FUJBOCGX3LJ52821.

   **ANSWER:** Defendant admits the allegations of Paragraph 2 of Count II of Plaintiff's Complaint.

3. That said motor vehicle was then and there operated, and/or controlled by its duty authorized agent and/or servant, RICHARD E. MARR, and that on or about December 15, 2005, he operated said motor vehicle and was exiting the parking lot westbound of the SOLO Cup Company, at 701 Central Avenue, Village of University Park, County of Will, State of Illinois.

   **ANSWER:** Defendant admits that at the time and place aforesaid, co-defendant Richard E. Marr operated a vehicle as an employee of FFE Transportation Services, Inc. with direction to operate his motor vehicle in accordance with all State and local regulations and with appropriate due care. Defendant states further that plaintiff has improperly pled conclusions of law. Defendant denies the remaining allegations of Paragraph 3 of Count II of plaintiff's Complaint and each of them.

4. That on or about December 15, 2005, the Plaintiff, LEWIS HERRING, was the operator of a motor vehicle that was traveling southbound on Central Avenue in the Village of University Park, County of Will, State of Illinois.

>**ANSWER:** **Defendant admits the allegations of Paragraph 4 of Count II of Plaintiff's Complaint.**

5. That at all times it was the duty of the Defendant, FFE TRANSPORTATION SERVICES, INC., by and through its agent, servant or employee, RICHARD E. MARR, to exercise ordinary care toward all persons traveling upon or near the roadway, including the Plaintiff, LEWIS HERRING.

>**ANSWER:** **Defendant states that duties arise by operation of law and not by allegation of the pleader, and therefore denies the allegations of Paragraph 5 of Count II of Plaintiff's Complaint and each of them.**

6. That at said time and place, the Defendant, FFE TRANSPORTATION SERVICES, INC., by and through its agent, servant and/or employee, was guilty of one or more of the following acts of negligence and carelessness, to wit:

   a. Drove said vehicle upon a public way at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the roadway, contrary to 625 ILCS 5/11-601;

   b. Drove said vehicle upon a public way at a speed which endangered the safety of persons, contrary to 625 ILCS 5/11-601;

   c. Drove said vehicle upon a public way at a speed which endangered the safety of property, contrary to 625 ILCS 5/11-601;

   d. Failed to decrease speed so as to avoid colliding with a vehicle on a public way, contrary to 625 ILCS 5/11-601;

   e. Failed to yield the right-of-way within an intersection, contrary to 625 ILCS 5/11-904;

   f. Failed to yield at a stop intersection, contrary to 625 ILCS 5/11-1204;

   g. Failed to keep a proper lookout for other vehicles;

    h.      Failed to see and observe the Plaintiff when in the exercise of reasonable care he should have seen the Plaintiff's vehicle;

    i.      Failed to maintain and keep proper control of said vehicle;

    j.      Failed to stop said motor vehicle so as to avoid a collision although he saw or should have seen that it was impending and had ample opportunity to avoid it.

**ANSWER:** **Defendant denies the allegations of Paragraph 6 of Count II of Plaintiff's Complaint, including subparagraphs (a) through (j), and each of them.**

7.    That as a direct and proximate cause of one or more of the foregoing acts of negligence and carelessness on the part of the Defendant, FFE TRANSPORTATION SERVICES, INC., by and through its agent, servant and/or employee, RICHARD E. MARR, said vehicle did collide violently with the vehicle operated by the Plaintiff, LEWIS HERRING.

**ANSWER:** **Defendant denies the allegations of Paragraph 7 of Count II of Plaintiff's Complaint and each of them.**

8.    That as a direct and proximate result the Plaintiff, LEWIS HERRING, became sick, sore, lame and disordered, suffered pain and anguish, has become permanently disabled, incurred medical expenses, lost time from his usual occupation and duty and will continue such losses for the rest of his life.

**ANSWER:** **Defendant denies the allegations of Paragraph 8 of Count II of Plaintiff's Complaint and each of them.**

WHEREFORE, Defendant, FFE TRANSPORTATION SERVICES, INC., denies that the plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

### DEFENDANT FFE TRANSPORTATION SERVICES, INC.'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, FFE TRANSPORTATION SERVICES, INC., by and through his attorneys, Lew R.C. Bricker, Sandra J. Engelking, and SMITHAMUNDSEN LLC,

and for its Affirmative Defenses to the Plaintiff's Complaint, pleading hypothetically and in the alternative, states as follows:

## FIRST AFFIRMATIVE DEFENSE

### Contributory Negligence of the Plaintiff

1. It was the duty of the plaintiff, Lewis Herring, to exercise ordinary care in the operation of his motor vehicle.

2. It was the duty of the plaintiff, Lewis Herring, to exercise ordinary care for his safety.

3. That at the time and place complained of in the Plaintiffs' Complaint at Law, the plaintiff, Lewis Herring, committed one or more of the following acts of contributory negligence which were the cause or sole cause of his injuries and damages:

   a. Failed to keep his motor vehicle under proper control;

   b. Failed to keep a proper lookout for other vehicles then and there upon the roadway;

   c. Failed to yield the right of way to other vehicles then and there upon the roadway;

   d. Operated his motor vehicle at an excessive rate of speed and/or too fast for conditions;

   e. Failed to provide audible warning of his approach although such a warning was reasonable and necessary to ensure the safe operation of his vehicle;

   f. Failed to reduce speed in order to avoid a collision;

   g. Failed to take any evasive action to avoid the collision between his vehicle and the vehicle driven by Marr; and

   h. Was otherwise careless and/or negligent.

4. As a direct and proximate result of one of the foregoing, the plaintiff, Lewis Herring, caused his alleged injuries and damages.

5.	In the event that the plaintiff Lewis Herring's conduct is determined to have exceeded 50% of the proximate cause of the plaintiff Lewis Herring's alleged injuries and damages, then the plaintiff, Lewis Herring, will be barred from any recovery.

6.	In the event that the plaintiff Lewis Herring's conduct is determined to have been 50% or less of the proximate cause of the plaintiff Lewis Herring's alleged injuries and damages, then the plaintiff Lewis Herring's recovery must be proportionately reduced.

WHEREFORE, Defendant, FFE TRANSPORTATION SERVICES, INC., denies that the plaintiff is entitled to judgment in any sum and prays that the plaintiff's Complaint at Law be dismissed with prejudice with the costs of the suit taxed to the plaintiff. Defendant further prays that if the trier of fact finds in favor of the plaintiff and against the Defendant on the question of liability, that any award of damages to the plaintiff be reduced or barred commensurate with that degree of contributory negligence attributable to the plaintiff in causing his own injuries.

S/	Lew R.C. Bricker
	Lew R.C. Bricker - 6206641
	Attorney for Defendant, Richard E. Marr
	SmithAmundsen LLC
	150 N. Michigan Avenue, Suite 3300
	Chicago, IL 60601
	(312) 894-3200
	(312) 894-3210
	lbricker@salawus.com

Lew R. C. Bricker
Sandra J. Engelking
Attorneys for Defendant,
FFE Transportation Services, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200