3006194-LRB/SJE/msw                                      ARDC: 6206641

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LEWIS HERRING, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   No.   07 C 7215 |
| RICHARD E. MARR and FFE TRANSPORTATION SERVICES, INC., an Illinois Corporation, | ) ) ) ) ) |
|       Defendants. | ) |

## AMENDED MOTION TO EXTEND AND AMEND
## THE DISCOVERY SCHEDULE

NOW COME the defendants, RICHARD E. MARR and FFE TRANSPORTATION SERVICES, INC., by and through their attorneys, Lew R.C. Bricker, Sandra J. Engelking, and SmithAmundsen LLC, and hereby move this Honorable Court to amend the previously ordered discovery schedule pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). In support of their Motion, Defendants state as follows:

1.  On Monday, February 11, 2008, a status hearing was held before Judge Ronald Guzman, who ordered that fact discovery will close on June 10, 2008. (See Notification of Docket Entry attached as Exhibit "A".)

2.  The next day, on February 12, 2008, written discovery (including

interrogatories, a request to produce, a HIPAA Authorization and a Tax Authorization) was forwarded via Federal Express Priority Overnight to plaintiff's counsel. (See correspondence attached as Exhibit "B".)

3. Further, on March 17, 2008, defense counsel forwarded an Authorization for the release of records from the Department of Veteran's Affairs to plaintiff's counsel. (See correspondence attached as Exhibit "C".)

4. Defense counsel did not receive executed HIPAA and VA Authorizations from the plaintiff until April 14, 2008.

5. Defendants issued Subpoenas for plaintiff's medical, VA, and employment records, but were informed that the records would not be provided without the appropriate authorizations.

6. Defendants finally received a complete set of Subpoenaed records on June 4, 2008.

7. Plaintiff's deposition was originally scheduled for May 15, 2008, but was postponed because all medical, VA, and employment records had not yet been received.

8. Plaintiff's deposition was postponed to June 3, 2008, but was again postponed due to travel difficulties of the plaintiff.

9. Plaintiff's deposition recently proceeded on June 4, 2008.

10. During plaintiff's deposition, defense counsel learned of three additional VA medical facilities at which plaintiff treated for the injuries allegedly sustained in the accident involved in this matter. These facilities were not previously disclosed and, as

such, defendants have not obtained those records.

11. Plaintiff also disclosed at his deposition a physician which he treated with prior to the accident for injuries to the same areas of his body he is claiming were injured in this accident. Defense counsel did not learn of this physician until the plaintiff's deposition.

12. Defense counsel has issued records subpoenas to the additional medical treaters, but have yet to receive those records.

13. Defendants must review all of plaintiff's medical records and VA records in order to fully evaluate the matter prior to the close of fact discovery on June 10, 2008. Defendants do not yet have all of the plaintiff's records since several facilities were just disclosed at plaintiff's recent deposition.

14. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), this Court may extend the time to complete fact discovery as the request for an extension is being made before the time to complete fact discovery expires.

15. Accordingly, Defendants respectfully request that this Court extend the discovery schedule pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) in order to allow them time to collect and analyze all of the plaintiff's medical records and Department of Veterans' Affairs records.

WHEREFORE, Defendants, RICHARD E. MARR and FFE TRANSPORTATION SERVICES, INC., respectfully request that this Court enter an Order pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) amending the discovery

schedule and extending the time for the defendants to obtain the medical and VA records of the plaintiff from the facilities which were recently disclosed at the plaintiff's deposition. Defendants pray for further and other relief as this Court deems proper and just.

                Respectfully submitted by,

                S/    Lew R.C. Bricker
                Lew R. C. Bricker - 6206641
                Attorney for Defendant, Richard E. Marr
                SmithAmundsen LLC
                150 N. Michigan Avenue, Suite 3300
                Chicago, IL 60601
                (312) 894-3200
                (312) 894-3210
                lbricker@salawus.com

Lew R. C. Bricker
Sandra J. Engelking
Attorneys for Defendant, Richard E. Marr
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200

# EXHIBIT "A"

**Notification of Docket Entry**

Case 1:07-cv-07215   Document 20   Filed 06/09/2008   Page 6 of 11
Case 1:07-cv-07215   Document 18   Filed 06/06/2008   Page 6 of 11
Case 1:07-cv-07215   Document 17   Filed 02/11/2008   Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
Eastern Division

Lewis Herring

                Plaintiff,

v.                                        Case No.: 1:07−cv−07215
                                                       Honorable Ronald A. Guzman

Richard E. Marr, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, February 11, 2008:

      MINUTE entry before Judge Ronald A. Guzman :Status hearing held on 2/11/2008. Amended pleadings and joinder of parties due by 5/12/2008. Fact discovery ordered closed by 6/10/2008. Status hearing set for 6/11/2008 at 09:30 AM.Mailed notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT "B"

**February 12, 2008 Correspondence**

FedEx | Ship Manager | Label 7918 4856 7200

Page 1 of 1

| From: Origin ID: CHIA (312)894-3296<br>Maria Wernes<br>SMITHAMUNDSEN LLC<br>150 N. Michigan Avenue<br>Suite 3300<br>Chicago, IL 60601 | FedEx Express  E  CLS120707/2624 | Ship Date: 12FEB08<br>ActWgt: 1 LB<br>System#: 5913719/INET8011<br>Account#: S *********<br>Delivery Address Bar Code |

SHIP TO: (815) 730-1977    BILL SENDER

Mr. Scott Pyles
Rathbun Cservenyak & Kozol
3260 EXECUTIVE DR

JOLIET, IL 604318401

Ref #  3006194-LRB/SJE
Invoice #
PO #
Dept #



TRK# 7918 4856 7200    WED - 13FEB    AA
0201                   PRIORITY OVERNIGHT

79 DPAA    60431
           IL-US
           ORD



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/ship/domesticShipmentOptionsAction.do    2/12/2008

# SmithAmundsen

Lew R. C. Bricker
Direct Dial: (312) 894-3224

February 12, 2008

**VIA FEDERAL EXPRESS**
Mr. Scott Pyles
Rathbun Cservenyak & Kozol LLC
3260 Executive Drive
Joliet, Illinois 60431

Re: Lewis Herring v. Richard E. Marr and FFE Transportation Services, Inc.
Court No.: 07 L 754
Our File: 3006194-LRB/SJE

Dear Mr. Pyles:

Given the expedited schedule the judge ordered, I think we need to move expeditiously with discovery. To that end, please forward your Rule 26 disclosures to my attention immediately. The idea of waiting for the 26a disclosure for a couple of more weeks makes no sense. Please include any and all responsive documents that you may have, including the medical records.

Accompanying this correspondence, please find a HIPAA Authorization to be executed by your client. Please have him do so quickly so that we might move to acquire his records directly from the providers.

Also, included are Interrogatories, a Request to Produce, Notice of Deposition and a Tax Authorization for your client to execute.

Thank you for your courtesy. I look forward to hearing from you.

Sincerely,

Lew R. C. Bricker

LRB/msw
Enclosures



# EXHIBIT "C"

**March 17, 2008 Correspondence**


SmithAmundsen

Sandra J. Engelking
Direct Dial: (312) 894-3287

March 17, 2008

**VIA FACSIMILE (815) 730-1934**
Mr. Scott Pyles
Rathbun Cservenyak & Kozol LLC
3260 Executive Drive
Joliet, Illinois 60431

    Re:    <u>Lewis Herring v. Richard E. Marr and FFE Transportation Services, Inc.</u>
           Court No.:    07 L 754
           Our File:    3006194-LRB/SJE

Dear Mr. Pyles:

    Enclosed please find an Authorization for release of medical records from Viera Outpatient Clinic, which is required by the Department of Veterans Affairs. Please have your client execute this Release and fax back to my attention at (312) 894-3210.

    In addition, I have also enclosed a HIPAA Authorization to be signed by your client which was forwarded to your attention in mid-February. Another copy is enclosed for your convenience.

    Because of the tight discovery schedule the Court has ordered, please provide executed copies of both authorizations within 5 days of this request (on or by March 24, 2008). Please contact me should you have any questions or concerns regarding this matter. Thank you for your anticipated cooperation.

                                        Sincerely,

                                        Sandra J. Engelking

SJE
Enclosures

150 North Michigan Avenue ▪ Suite 3300 ▪ Chicago, IL 60601 ▪ 312·894·3200 TEL ▪ 312·894·3210 FAX ▪ www.salawus.com
